**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILDCAT INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>         Plaintiff,<br><br> v.<br><br>1.  4KIDS ENTERTAINMENT, INC.;<br>2.  CHAOTIC USA ENTERTAINMENT GROUP, INC.;<br>3.  ELECTRONIC ARTS INC.;<br>4.  KONAMI DIGITAL ENTERTAINMENT, INC.;<br>5.  NINTENDO OF AMERICA INC.;<br>6.  PANINI AMERICA, INC.;<br>7.  POKEMON USA, INC. n/k/a THE POKEMON COMPANY INTERNATIONAL, INC.;<br>8.  SONY COMPUTER ENTERTAINMENT AMERICA LLC;<br>9. SONY ONLINE ENTERTAINMENT LLC;<br>10.  THE TOPPS COMPANY, INC.;<br>11.  WIZARDS OF THE COAST LLC; and,<br>12.  ZYNGA INC.<br><br>         Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

  1.  This is an action for patent infringement in which Wildcat Intellectual Property Holdings, LLC ("Wildcat" or "Plaintiff") makes the following allegations against 4Kids Entertainment, Inc.; Chaotic USA Entertainment Group, Inc.; Electronic Arts Inc.; Konami Digital Entertainment, Inc.; Nintendo of America Inc.; Panini America, Inc.; Pokemon USA, Inc. n/k/a The Pokemon Company International, Inc.; Sony Computer Entertainment America LLC; Sony Online Entertainment LLC; The Topps Company, Inc.; Wizards of the Coast LLC; and Zynga Inc.

1

## PARTIES

2. Plaintiff Wildcat is a Texas Limited Liability Company with its principal place of business at 5000 Legacy Dr., Ste. 470, Plano, Texas, 75074.

3. On information and belief, Defendant 4Kids Entertainment, Inc. ("4Kids") is a New York corporation with its principal place of business at 1414 Avenue of the Americas, New York, NY 10019. On information and belief, 4Kids may be served with process through its Chief Executive Officer Alfred R. Kahn at its principal place of business at 1414 Avenue of the Americas, New York, NY 10019.

4. On information and belief, Defendant Chaotic USA Entertainment Group, Inc. ("Chaotic") is a California corporation with its principal place of business at 3830 Valley Center Dr., Ste. 705-405, San Diego, CA 92130. On information and belief, Chaotic may be served with process through its President Bryan Gannon at its principal place of business at 3830 Valley Center Dr., Ste. 705-405, San Diego, CA 92130.

5. On information and belief, Defendant Electronic Arts Inc. ("EA") is a Delaware corporation with its principal place of business at 209 Redwood Shores Pkwy., Redwood City, CA 94065. EA may be served with process through its registered agent National Corporate Research, Ltd., 800 Brazos St., Ste. 400, Austin, TX 78701.

6. On information and belief, Defendant Konami Digital Entertainment, Inc. ("Konami") is an Illinois corporation with its principle place of business at 2381 Rosecrans Ave., Ste. 200, El Segundo, CA 90245. Konami may be served with process through its registered agent Joji Kagei, 19191 S. Vermont Avenue, Suite 420, Torrance CA 90502-1051.

7. On information and belief, Defendant Nintendo of America Inc. ("Nintendo") is a Washington corporation with its principal place of business at 4600 150th Ave., Redmond, WA 98052. Nintendo may be served with process through its registered agent CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX 75201.

8. On information and belief, Defendant Panini America, Inc. ("Panini") is a Delaware corporation with its principal place of business at 5325 FAA Blvd., Ste. 100, Irving, TX 75061. Panini may be served with process through its registered agent Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701.

9. On information and belief, Defendant Pokemon USA, Inc. n/k/a The Pokemon Company International, Inc. ("Pokemon") is a Delaware corporation with its principal place of business at 1177 Avenue of the Americas, Fl. 31, New York, NY 10036. Pokemon may be served with process through its registered agent CT Corporation System, 111 8th Ave., New York, NY 10011.

10. On information and belief, Defendant Sony Computer Entertainment America LLC ("SCEA") is a Delaware limited liability company with its principal place of business at 919 East Hillside Blvd., Foster City, CA 94404. SCEA may be served with process through its registered agent Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701.

11. On information and belief, Defendant Sony Online Entertainment LLC ("SOE") is a Delaware limited liability company with its principal place of business at 8926 Terman Ct., San Diego, CA 92121. SOE may be served with process through its

registered agent The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

12.     On information and belief, Defendant The Topps Company, Inc. ("Topps") is a Delaware corporation with its principal place of business at 1 Whitehall St., New York, NY 10004. On information and belief, Topps may be served with process through its Chairman Arthur T. Shorin at its principal place of business at 1 Whitehall St., New York, NY 10004.

13.     On information and belief, Defendant Wizards of the Coast LLC ("Wizards") is a Delaware limited liability company with its principal place of business at 1600 Lind Ave. SW, Ste. 400, Renton, WA 98055. Wizards may be served with process through its registered agent CT Corporation System, 1801 West Bay Dr. NW, Ste. 206, Olympia, WA 98502.

14.     On information and belief, Defendant Zynga Inc. ("Zynga") is a Delaware corporation with its principal place of business at 365 Vermont St., Unit A, San Francisco, CA 94103. Zynga may be served with process through its registered agent Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701.

## JURISDICTION AND VENUE

15.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

17. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,200,216

18. Plaintiff is the owner by assignment of United States Patent No. 6,200,216 ("the '216 Patent") entitled "Electronic Trading Card" – including all rights to recover for past and future acts of infringement. The '216 Patent issued on March 13, 2001. A true and correct copy of the '216 Patent is attached as Exhibit A.

19. On information and belief, Defendants 4Kids and Chaotic have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of 4Kids and Chaotic, the '216 Patent in this judicial district, and elsewhere in the United States. Infringements by 4Kids and Chaotic include, without limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least 4Kids's and Chaotic's Chaotic online trading card game, infringing one or more claims of the '216 Patent. Also upon information and belief, 4Kids and Chaotic knew or should have known that the Chaotic online trading card game would induce infringement by

their customers. It is further alleged that 4Kids and Chaotic have contributed to the infringement of the '216 Patent by engaging in such activities knowing that their Chaotic online trading card game is especially made or especially adapted to be used in a method that infringes the '216 Patent, and which does not have a substantial non-infringing use. Defendants 4Kids and Chaotic are thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

20.     On information and belief, Defendant EA has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of EA, the '216 Patent in this judicial district, and elsewhere in the United States. Infringements by EA include, without limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least EA's BattleForge videogame, infringing one or more claims of the '216 Patent. Also upon information and belief, EA knew or should have known that the BattleForge videogame would induce infringement by its customers. It is further alleged that EA has contributed to the infringement of the '216 Patent by engaging in such activities knowing that its BattleForge videogame is especially made or especially adapted to be used in a method that infringes the '216 Patent, and which does not have a substantial non-infringing use. Defendant EA is thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

21.     On information and belief, Defendant Konami has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Konami, the '216 Patent in this judicial district, and elsewhere in the United States. Infringements by Konami include, without

limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least Konami's Marvel trading card videogame and Yu-Gi-Oh! Online Duel Accelerator videogame, infringing one or more claims of the '216 Patent. Also upon information and belief, Konami knew or should have known that the Marvel trading card videogame and Yu-Gi-Oh! Online Duel Accelerator videogame would induce infringement by its customers. It is further alleged that Konami has contributed to the infringement of the '216 Patent by engaging in such activities knowing that its Marvel trading card videogame and Yu-Gi-Oh! Online Duel Accelerator videogame are especially made or especially adapted to be used in a method that infringes the '216 Patent, and which do not have a substantial non-infringing use. Defendant Konami is thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

22. On information and belief, Defendants Nintendo and Pokemon have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Nintendo and Pokemon, the '216 Patent in this judicial district, and elsewhere in the United States. Infringements by Nintendo and Pokemon include, without limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least Nintendo's and Pokemon's Pokemon Trading Card Game Online, infringing one or more claims of the '216 Patent. Also upon information and belief, Nintendo and Pokemon knew or should have known that Pokemon Trading Card Game Online would induce infringement by their customers. It is further alleged that Nintendo and Pokemon have contributed to the infringement of the '216 Patent by

engaging in such activities knowing that their Pokemon Trading Card Game Online is especially made or especially adapted to be used in a method that infringes the '216 Patent, and which does not have a substantial non-infringing use. Defendants Nintendo and Pokemon are thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

23. On information and belief, Defendant Panini has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Panini, the '216 Patent in this judicial district, and elsewhere in the United States. Infringements by Panini include, without limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least Panini's NFL Adrenalyn XL online game, infringing one or more claims of the '216 Patent. Also upon information and belief, Panini knew or should have known that the NFL Adrenalyn XL online game would induce infringement by its customers. It is further alleged that Panini has contributed to the infringement of the '216 Patent by engaging in such activities knowing that its NFL Adrenalyn XL online game is especially made or especially adapted to be used in a method that infringes the '216 Patent, and which does not have a substantial non-infringing use. Defendant Panini is thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

24. On information and belief, Defendant SCEA has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of SCEA, the '216 Patent in this judicial district, and elsewhere in the United States. Infringements by SCEA include, without

limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least SCEA's The Eye of Judgment Legends videogame, infringing one or more claims of the '216 Patent.  Also upon information and belief, SCEA knew or should have known that the The Eye of Judgment Legends videogame would induce infringement by its customers.  It is further alleged that SCEA has contributed to the infringement of the '216 Patent by engaging in such activities knowing that its The Eye of Judgment Legends videogame is especially made or especially adapted to be used in a method that infringes the '216 Patent, and which does not have a substantial non-infringing use.  Defendant SCEA is thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

25.   On information and belief, Defendant SOE has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of SOE, the '216 Patent in this judicial district, and elsewhere in the United States.  Infringements by SOE include, without limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least SOE's Legends of Norrath online trading card game, infringing one or more claims of the '216 Patent.  Also upon information and belief, SOE knew or should have known that the Legends of Norrath online trading card game would induce infringement by its customers.  It is further alleged that SOE has contributed to the infringement of the '216 Patent by engaging in such activities knowing that its Legends of Norrath online trading card game is especially made or especially adapted to be used in a method that infringes the '216 Patent, and

which does not have a substantial non-infringing use. Defendant SOE is thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

26. On information and belief, Defendant Topps has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Topps, the '216 Patent in this judicial district, and elsewhere in the United States. Infringements by Topps include, without limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least Topps's Toppstown, infringing one or more claims of the '216 Patent. Also upon information and belief, Topps knew or should have known that Toppstown would induce infringement by its customers. It is further alleged that Topps has contributed to the infringement of the '216 Patent by engaging in such activities knowing that its Toppstown is especially made or especially adapted to be used in a method that infringes the '216 Patent, and which does not have a substantial non-infringing use. Defendant Topps is thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

27. On information and belief, Defendant Wizards has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Wizards, the '216 Patent in this judicial district, and elsewhere in the United States. Infringements by Wizards include, without limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least Wizards's Magic Online game, infringing one or more claims of the '216 Patent. Also upon information and belief, Wizards knew or should have known that the Magic Online game would induce

infringement by its customers.  It is further alleged that Wizards has contributed to the infringement of the '216 Patent by engaging in such activities knowing that its Magic Online game is especially made or especially adapted to be used in a method that infringes the '216 Patent, and which does not have a substantial non-infringing use.  Defendant Wizards is thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

28.   On information and belief, Defendant Zynga has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Zynga, the '216 Patent in this judicial district, and elsewhere in the United States.  Infringements by Zynga include, without limitation, making, using, selling, hosting, and/or providing access to within the United States, and/or importing into the United States, at least Zynga's Warstorm game, infringing one or more claims of the '216 Patent.  Also upon information and belief, Zynga knew or should have known that the Warstorm game would induce infringement by its customers.  It is further alleged that Zynga has contributed to the infringement of the '216 Patent by engaging in such activities knowing that its Warstorm game is especially made or especially adapted to be used in a method that infringes the '216 Patent, and which does not have a substantial non-infringing use.  Defendant Zynga is thus liable for infringement of the '216 Patent under 35 U.S.C. § 271(a), (b), & (c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '216 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '216 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '216 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  July 1, 2011

Respectfully submitted,

/s/ *Stafford Davis*
Darrell G. Dotson
State Bar No. 24002010
Gregory P. Love
State Bar No. 24013060
Scott E. Stevens
State Bar No. 00792024
Todd Y. Brandt
State Bar No. 24027051
STEVENS LOVE
P.O. Box 3427
Longview, Texas  75606
Telephone:  (903) 753–6760
Facsimile:  (903) 753–6761
darrell@stevenslove.com
greg@stevenslove.com
scott@stevenslove.com
todd@stevenslove.com

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
Telephone: (903) 593-7000
Facsimile:  (903) 705-7369
sdavis@stafforddavisfirm.com

Attorneys for Wildcat Intellectual Property Holdings, LLC